IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy G. Gilchrist (SCDC No. 242834), | ) C/A No. 5:11-1746-MBS-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Eliane Pinson; John Doe #1; Mrs. Greer; Gregory Nolan; John Doe #2; John Doe #3; Tessie Smith; Mr. Kammerer; Ms. Coleman; all in their official and individual capacities, | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion to Dismiss filed by Defendants Pinson, Greer, Nolan, Smith, Kammerer, and Coleman on October 10, 2011. ECF No. 18.[1] As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[2] on October 14, 2011, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 21. Plaintiff responded to Defendants' motion on October 27, 2011, making this motion ripe for consideration. ECF No. 23. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B)

---

[1] Plaintiff did not identify and serve Defendants John Doe #1, John Doe #2, and John Doe #3 within 120 days after filing his Complaint as required by Federal Rule of Civil Procedure 4(m). Accordingly, the undersigned recommends that that Defendants John Doe #1, John Doe #2, and John Doe #3 be dismissed from this action without prejudice.

[2] On October 14, 2011, United States Magistrate Judge Kevin McDonald, entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

and Local Rule 73.02(B)(2)(d) and (e), D.S.C.[3] Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I. Background

Plaintiff Jimmy G. Gilchrist is an inmate housed at Manning Correctional Institution. ECF No. 1 at 2. Plaintiff filed his Complaint on July 22, 2011 alleging that his constitutional rights were violated when he was transferred from Walden Correctional Institution,[4] his custody status was revoked, and he lost his ability to earn work credits. ECF No. 1 at 23. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 6-7.

II. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Here, after careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendants' motion be granted, thus ending this case.

---

[3] On January 2, 2012, the matter was reassigned from United States Magistrate Judge Kevin McDonald to the undersigned. ECF No. 42.
[4] Walden Correctional Institution is a minimum-security facility that houses inmates with relatively short sentences or time to serve. *See* www.doc.sc.gov.

III.　　Analysis

Plaintiff asks the court to decide "(1) whether [he] is entitled to the Earned Work Credits ["EWCs"] as mandated by State statute and the [SCDC] policy and decide if it is in fact a state-created liberty interest, [and] (2) decide whether the [SCDC] can revoke Plaintiff's custody status without providing minimum due process protection when the EWCs is (sic) based on custody thus, making the custody level a protected liberty interest." ECF No. 23 at 10. Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff has failed to demonstrate that he has a state-created liberty interest in his security classification, and Plaintiff's claim for monetary damages under §1983 is invalid under the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 18 at 3 - 4.

Generally, prisoners do not have a constitutional right to demand to be housed in one prison verses another. *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.") In order to show a constitutional violation with respect to a custody classification, the conditions must exceed the sentence imposed or create an atypical or significant hardship in violation of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).  Here, Plaintiff has not alleged that Defendants' actions have imposed an atypical and significant hardship or that the conditions exceed the sentence imposed, and therefore he is not able to establish that he has a state-created liberty interest in his security classification.

3

As to Plaintiff's allegations that he was denied the right to earn work credits when moved to Manning Correctional Institution, this claim must also fail. Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see Sandin*, 515 U.S. at 477-78. To the extent that Plaintiff is implicating the duration of his confinement by requesting that his good-time, merit, or work credits be restored, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff has not presented his claims pursuant to 28 U.S.C. § 2254 and he has not shown that he has satisfied this exhaustion requirement.

Additionally, Plaintiff is unable to proceed on his claim for monetary damages for the alleged deprivation of due process. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486-87. Subsequently, the Court held that *Heck* also applies to civil right actions that do not directly challenge confinement, but instead allege procedural defects that necessarily imply the invalidity of the punishment imposed. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Plaintiff's claim for relief, if granted, would implicitly invalidate his disciplinary convictions, and because Plaintiff has not shown that his institutional convictions have been reversed or declared invalid, his § 1983 due process claim for monetary damages is barred by the holdings in *Heck* and *Edwards*.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants Pinson, Greer, Nolan, Smith, Kammerer, and Coleman's Motion to Dismiss, ECF No. 18, be granted, and that this case be dismissed.

IT IS SO RECOMMENDED.

July 26, 2012                                                                    Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**